UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FAITH LUPER individually and on behalf of all
other persons similarly situated.

Plaintiff COMPLAINT

-against-.

STOP FOR KIDS LLC.

Defendant
-----------------------------------------------------------------X

Plaintiff individually, and on behalf of all other persons similarly situated, sets forth the following complaint:

**NATURE OF THE ACTION**

1. This action is brought to recover damages and attorneys fees against defendant as a result of the its violation of the civil rights of the plaintiff and others similarly situated who paid fines in response to notices of violation issued based on the use of a camera based stop sign ticketing system operating within the Village of Saddle Rock since October 10, 2022. There is no authority granted the Village of Saddle Rock under New York Law to use such a system. The defendant had no legal basis to install and administer the system and the funds it collected or received was contrary to law and

has resulted in the unjust enrichment of the defendant to the detriment of the plaintiff and others similarly situated.

This action is brought pursuant to the provisions of the Section 1983 et seq of the Federal Civil Rights Act and this Court's ancillary jurisdiction.

2. Defendant, in violation of rights secured by the Constitution and laws of the United States and New York, and while acting under color of state law, has since October 10, 2022 operated a stop sign camera system issuing notices of violation to the owners of motor vehicles and for each violation assessing a fine of $60.00 be paid. It is believed defendant retained all or part of those sums for itself . It is believed that there exists an agreement memorializing the presently unknown terms and conditions under which the funds collected were divided between the defendant and the Village of Saddle Rock.

3. Plaintiff seeks for herself and for others the refund of the fines paid and other damages due them applicable laws and regulations.

## JURISDICTION

4. This Court has subject matter jurisdiction over this case pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 and § 1337, and has supplemental jurisdiction over plaintiffs' claims under the New York law pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as plaintiff resides in Nassau County which is within the Eastern District of New York.

## THE PARTIES

**Plaintiff**

6. Plaintiff resides in Nassau County and received three notices of violation based on the operation of the camera system. The notices alleged violations that occurred on September 22, 2022, then again on June 1, 2023 and then again on August 22, 2024. She made payment of the $60.00 fine for each of those three alleged violations by check payable to the Village of Saddle Rock.

**Defendant**

7. Defendant is a domestic corporation operating under the laws of the State of New York with principal place of business located within Nassau County.

8. Defendant under an agreement with the Village of Saddle Rock had installed, has operated since October 10, 2022, administered, maintained, managed, controlled the camera system and is believed to have collected a portion of the fines paid.

## THERE IS NO BASIS FOR THE OPERATION OF THE CAMERA SYSTEM AND DOING SO VIOLATES THE CIVIL RIGHTS OF THE PLAINTIFF AS WELL AS ALL OTHERS SIMILARLY SITUATED

9. Simply put, there is no enabling legislation or other basis under law that authorized the Village of Saddle Rock from instituting such a camera system.

10. Past efforts to obtain legislative approval for use of such a camera system have failed but still the system was installed and remains in operation.

11. The New York Legislature has adopted enabling legislation to permit certain other municipal corporations to operate such a camera system for stop sign violations but not the Village of Saddle Rock.

12. The Village of Saddle Rock has no basis to make use of that camera system for stop sign violations nor does the defendant have any basis for violating the law by its operation of that system and its collection of fines and late fees.

13. The defendant issues notices of violations based on the operation of the camera system directed to the registered owner of the vehicle whether or not that owner is the actual operator at the time of the alleged violation was recorded.

14. How and by what means the camera system determines that a violation has occurred is presently unknown

15. How defendant accesses ownership records using license plates the camera records is unknown.

16. The violation notices indicated that there was a $60.00 fine for a violation. There is a date set for payment to be made on or before. Any untimely paid fine is subject to $15.00 late fee per month.

17. The violation notice also states as follows:

> These recorded images and videos are evidence of a violation of failure to stop at a stop sign. Please note, the vehicle identified above

> bears a license plate registered or leased in your name. All registered owners are legally responsible for this violation. If you believe the license plate displayed in the photo above is not registered to you, please dispute online or contact Village of Saddle Rock at

18. Further information provided on the notice, as an example, provides information such as the following:

> YOU MUST PAY OR CONTEST BY
>
> SEP 30 2024
>
> $60.00
>
> Payment can be made online by credit card or debit card. Subject to $15 late fee per month.

19. Based on information obtained so far, there are more than thousands of violation notices that were issued and thousands of fines paid.

19. By installing, maintaining, managing, controlling and administering the camera system it has been and continues to be acting under the color of law.

20. Doing so has been and still is violation of a right secured by the Constitution and laws of the United States and New York,

**CLASS ACTION**

21. Each class member was subject to the same violation of their respective civil rights.

22. Each class member has paid fines for violations that were levied improperly and without authority.

23. Each class member was fined the sum of $60.00 fine for each violation

24. Each class member should be refunded the sums they paid as fines.

25. Although the number of class members is presently unknown, such information is readily available from the defendant through appropriate discovery but is in the thousands.

26. The number of class members or persons in this proposed class are so numerous that joinder of all members is impractical and inefficient.

27. The Village of Saddle Rock has represented that it's share of the amount collected in 2022 was $60,602.00; for 2023 it's share was $163,740.88; for 2024 its share was at least $210,302.26.

28. As the fine is $60.00, that means the total sum of $434,645.14 collected by the Village of Saddle Rock for the 2022, 2023 and 2024 would translate to payment of at least 7,244 fines although some small portion may be attributable to late fee payments, if any, paid.

29. But, as at least some portion of the fines and late fees received were paid to the defendant the number of violation notices and fines actually issued and payments received far exceed even that number.

30. On that basis the potential class of those having paid fines is likely more than 7,244 persons.

31. The questions of law or fact are essentially the same and common to the class members and predominate over any issues pertaining to individual members only.

32. The claims or defenses of the plaintiff is typical of the claims or defenses of the individual class members.

33. Plaintiff as the representative party will fairly and adequately protect the interests of the class.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy as alleged herein

35. In this day and age, and especially in view of the availability of the records used to by the defendant to operate and administer manage the camera based stop sign ticketing process, there would be little difficulty in managing this class action.

36. The class members would have little interest in individually controlling the prosecution or defense of separate actions filed by each member and doing so would be entirely impractical. Separate actions are costly. The amount involved fo reach person is minimal. It would waste time and judicial resources to force each person who paid fines.

37. It is believed that there is no other litigation concerning the claims against this defendant already commenced by or against members of the class. However, the are pending claims against the Village of Saddle Rock in state court concerning the same claims..

38. This Honorable Court is the proper and most desirable forum for this case to be heard as Nassau County is where the claims arose, where the defendant is located and where it operated the stop sign camera system as well as where most class members reside.

## UNJUST ENRICHMENT

39 The plaintiff repeats and realleges all allegations set forth in paragraphs numbered 1 through 38 set forth above.

40. The defendant has received and/or retained funds at the expense of the plaintiff and others similarly situated that was derived from the operation of the camera system and that constitutes unjust enrichment and this Court should direct that plaintiff and others similarly situated receive restitution as determined by this Court.

## VIOLATION OF CIVIL RIGHTS

41. The plaintiff repeats and realleges all allegations set forth in paragraphs numbered 1 through 40 set forth above.

43. The acts committed by the defendant were done under the color of law, statute, ordinance, regulation, or custom and have willfully deprived and/or cause deprived from the plaintiff and others similarly situated those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S. and New York all to their damage in a sum as determined by this Court. In issuing notices based on its operation of the camera system and in setting fines, collecting fines and administering the program, the defendant without authority collected money and earned profit to the loss and detriment of the plaintiff and class members.

WHEREFORE, plaintiff prays that the Court issue an Order directing that the proposed class action be certified; that plaintiff, individually and the class members be

afforded damages, reasonable attorneys fees, costs and disbursements as well as such other relief as is just and proper.

Dated: February 21, 2026
Kew Gardens New York

Yours, etc.

JONATHAN SILVER, ESQ.
Attorney for Plaintiff
125-10 Queens Blvd Suite 311
Kew Gardens, NY 11415
(718) 520-1010

Revised 12.10.2025; Effective 12.10.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FAITH LUPER INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

**(b)** County of Residence of First Listed Plaintiff NASSAU
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JONATHAN SILVER ESQ. 125-10 QUEENS BLVD SUITE 311 KEW GARDENS NEW YORK 11415
718 520 1010

## DEFENDANTS

STOP FOR KIDS, LLC.

County of Residence of First Listed Defendant NASSAU
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
NONE KNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee *
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 usc 1983; 28 usc 1331 AND 1337

Brief description of cause:
CLAIMS FOR VIOLATION OF CIVL RIGHTS AND UNJUST ENRICHMENT

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** SUBJECT TO DISCO\

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE NONE PENDING IN FEDERAL COURT DOCKET NUMBER

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

* Please respond to Part E on Page 2 — PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, JONATHAN SILVER, counsel for PLAINTIFF, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☐ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

NONE

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you* ***must select Office Code 2****.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? No
2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? Yes
   b. Do the majority of defendants reside in Nassau or Suffolk County? Yes
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? Yes
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? 
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, or if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## PART E - BAR ADMISSION

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. Yes

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? No If yes, please explain:

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No
2. Does this case require immediate attention of a judge? No

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

**Check Form to Validate Before Signing**

I certify the accuracy of all information provided above.

**Signature:** [signature]

Date: 2/21/26

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

FAITH LUPER INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

*Plaintiff(s)*

v.

STOP FOR KIDS LLC.

*Defendant(s)*

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

STOP FOR KIDS LLC
C/O THE LIMITED LIABILITY COMPANY
4 BOND STREET
STE 77
GREAT NECK NY 11021

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JONATHAN SILVER ESQ
125-10 QUEENS BLVD SUITE 311
KEW GARDENS NEW YORK 11415
718 520 1010

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*