

**Marky A. Suazo**                                    **156 West 56th Street  | w York, NY 10019**
Msuazo@windelsmarx.com                          **T. 212.237.1000  | F. 212.262.1215**
pp

March 17, 2026

**VIA ECF**

Hon. Lee G. Dunst
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

   **Re:** *Luper v. Stop For Kids LLC*, No. 2:26-cv-01023-OEM-LGD

Dear Judge Dunst:

   We represent Defendant Stop For Kids LLC ("Defendant") in the above-captioned action. Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and the Court's Individual Practices, Defendant respectfully requests a sixty (60) day extension of time to respond to the Complaint, from the current deadline of March 27, 2026, through and including May 26, 2026. Plaintiff's counsel has declined to consent.

**Procedural Background**

   Plaintiff filed the Complaint on February 21, 2026. Service was made on the New York Secretary of State on March 6, 2026, making Defendant's response due March 27, 2026. Despite knowing that our firm was counsel of record for Defendant, Plaintiff's counsel did not transmit a copy of the Complaint to this office until March 10, 2026. On March 16, 2026, the undersigned requested Plaintiff's consent to a sixty-day extension. Plaintiff's counsel declined because he sought to impose unacceptable conditions on consent. Plaintiff's counsel conditioned consent on inclusion of language in this letter representing that Defendant would "retain all records" — a formulation with no limitation as to scope, relevance, or time period. The undersigned confirmed that it will preserve documents and electronically stored information relevant to this litigation in accordance with applicable federal law, including Rule 37(e) of the Federal Rules of Civil Procedure, but declined to embed counsel's open-ended language in a court filing, as it exceeds both the scope of this application and applicable law (and has no logical connection to Defendant's request for a reasonable extension of time to file a responsive pleading).

**Good Cause Exists for the Requested Extension**

   Good cause supports the requested extension. Defendant intends to move to dismiss the Complaint on multiple grounds, including threshold deficiencies under Federal Rule of Civil Procedure 12(b)(6) and related doctrines. The motion will require careful briefing of complex legal

Hon. Lee G. Dunst, U.S.M.J.
March 17, 2026
Page 2

questions, including the application of the *Colorado River* abstention doctrine in light of a closely related, actively litigated state court proceeding.

Specifically, this action arises out of the same automated stop-sign camera enforcement program at issue in *Faith Luper v. Village of Saddle Rock*, Index No. 618690/2024, currently pending in Nassau County Supreme Court. That action arises out of the same underlying facts, involves the same plaintiff and enforcement program, and the same core legal disputes now presented to this Court.

Discovery in the state court matter is proceeding; depositions are scheduled. Adjudication of the federal action in parallel would be duplicative, risk inconsistent results, and unnecessarily tax the resources of both courts and the parties. These are precisely the circumstances that *Colorado River* abstention is designed to address.

The abbreviated window between receipt of the Complaint on March 10 and the March 27 response deadline does not afford adequate time to properly research and brief the key issues. Plaintiff will suffer no prejudice from the requested extension, e.g., Plaintiff could have named Stop For Kids as a party-defendant in the State court action but chose otherwise. This is our client's first request for an extension, and no prior extensions have been sought or granted. We therefore respectfully request that the Court grant this application.

For the foregoing reasons, Defendant respectfully requests that the Court extend Defendant's time to respond to the Complaint by sixty days, to and including May 26, 2026.

Respectfully submitted,

**Windels Marx Lane & Mittendorf, LLP**

By:  */s/ Marky A. Suazo*
        Marky A. Suazo

156 West 56th Street
New York, NY  10019
*Attorneys for Defendant Stop For Kids*

4935-2994-7544, v. 1