

**Marky A. Suazo**
Msuazo@windelsmarx.com

156 West 56th Street | w York, NY 10019
T. 212.237.1000 | F. 212.262.1215

May 8, 2026

**VIA ECF**
Hon. Orelia E. Merchant, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza, Courtroom 6C
Brooklyn, New York 11201

>   **Re:**   *Luper v. Stop For Kids LLC*, No. 2:26-cv-01023-OEM-LGD

Dear Judge Merchant:

We represent Defendant Stop For Kids LLC ("Defendant") in the above-captioned action. Pursuant to Section III(B) of Your Honor's Individual Practice Rules, Defendant respectfully requests a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

This case is a federal re-filing of claims already being litigated in Nassau County Supreme Court — brought by the same Plaintiff, arising from the same stop-sign camera program, and premised on the same legal theories — filed against a defendant Plaintiff deliberately excluded from state court after the state court denied class certification and rebuffed her efforts to compel broader disclosure from Stop For Kids. The Complaint fails as a matter of law, and this Court should not permit Plaintiff's second bite at the apple.

**Background**

Plaintiff Faith Luper brings this putative class action alleging that Stop For Kids LLC — a private LLC that operated an automated stop-sign camera system in the Village of Saddle Rock pursuant to a commercial contract — violated her civil rights under 42 U.S.C. § 1983 and was unjustly enriched by collecting a portion of the fines. Plaintiff received three violation notices between 2022 and 2024, each carrying a $60.00 fine, which she paid to the Village of Saddle Rock — not to Stop For Kids. Her oldest claim arose from a September 22, 2022 violation; this Complaint was filed February 21, 2026, outside § 1983's three-year limitations window in New York.

The litigation history is telling. In October 2024, Plaintiff filed *Faith Luper v. Village of Saddle Rock*, Index No. 618690/2024, in Nassau County Supreme Court, asserting identical claims against the Village. She deliberately chose not to name Stop For Kids as a defendant. Instead, she served Stop For Kids with a non-party subpoena seeking information related to the camera program. A true and correct copy of the non-party subpoena is annexed here to as **Exhibit A**. Stop For Kids complied. By Decision and Order dated July 7, 2025, the Hon. Francis Ricigliano, J.S.C. denied class

certification, finding adequacy and superiority unproven and characterizing class counsel's submissions as "glib and bare." A true and correct copy of the state court's decision is annexed hereto as **Exhibit B**.

At a subsequent state court appearance, Plaintiff argued before the state court that the information produced was not what she wanted. Stop For Kids disclosed its document retention policy to Plaintiff and the state court, and the state court directed Stop For Kids to supplement its response. Stop For Kids complied with that directive. Undeterred, Plaintiff filed an order to show cause seeking to compel Stop For Kids to suspend its document retention policy and preserve information that fell outside the scope of the subpoena entirely — at Stop For Kids' expense. The state court refused to sign the order. A true and correct copy of  the unsigned order to show cause is annexed hereto as **Exhibit C**. At a February 9, 2026 in-chambers conference attended by counsel for all parties, Plaintiff again sought to compel Stop For Kids to retain records. The state court rejected that request, found that Stop For Kids had fully complied with its obligations, and stated on the record that Stop For Kids' further appearance in the state proceedings was no longer required.

Twelve days later, on February 21, 2026, Plaintiff filed this federal action against Stop For Kids alone — advancing the same theories on the same facts she is litigating against the Village in state court. The state action remains pending in active discovery, with depositions scheduled.

Within months of the class certification denial, Plaintiff filed this action — naming Stop For Kids as the sole party-defendant based on the same allegations and the same legal theories she is pressing against the Village in state court. The same counsel now seeks to certify the same class before this Court. This is impermissible forum shopping, not federal civil rights litigation.

**Grounds for the Proposed Motion**

**First — Stop For Kids Is Not a State Actor.** Section 1983 reaches only persons acting under color of state law. The Second Circuit applies three tests —compulsion, joint action/nexus, and public function. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). Stop For Kids satisfies none. It is a private LLC operating pursuant to a commercial contract; the Village set fines, issued enforcement decisions, and collected payments. While the Complaint alleges Stop For Kids "issues notices of violations" (Compl. ¶ 13), preparing notices on the Village's behalf is a ministerial function that does not transform a vendor into a state actor — particularly where the Complaint admits how the system "determines that a violation has occurred is presently unknown" (Compl. ¶ 14). A private contractor does not become a state actor solely by performing services for government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-43 (1982)(noting various factors in determining whether a private entity is a state actor).

**Second — The Complaint Does Not State a Cognizable § 1983 Claim.** A § 1983 plaintiff must identify a specific right "secured by the Constitution and laws" of the United States. The Complaint invokes "civil rights" in conclusory terms but never identifies any specific federal right; its actual theory is that the Village exceeded *New York* statutory authority. (Compl. ¶¶ 1, 9-12.) State statutory noncompliance, standing alone, is not a federal civil rights claim. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint's failure to identify any federal constitutional provision or to plead the

elements of any cognizable federal claim warrants dismissal under *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

**Third — Plaintiff's September 2022 Claim Is Time-Barred.** Section 1983 in New York carries a three-year limitations period. *Owens v. Okure*, 488 U.S. 235 (1989). The Complaint was filed February 21, 2026; any claim accruing before February 21, 2023 is time-barred. Plaintiff's September 22, 2022 violation accrued well outside the window. The continuing violation doctrine does not apply: each notice and payment is a discrete, independently actionable event. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002).

**Fourth —The Unjust Enrichment Claim Fails on Multiple Grounds.** Plaintiff paid by check payable to the Village, not to Stop For Kids. Under New York law, unjust enrichment requires a relationship between the parties "that could have caused reliance or inducement." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011)(dismissing unjust enrichment claim where complaint lacked allegations of a relationship between parties). The Complaint pleads no direct dealings between Plaintiff and Stop For Kids. Any connection is too attenuated. The claim also impermissibly duplicates the § 1983 theory without any independent equitable predicate. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). Unjust enrichment 'is not a catchall cause of action to be used when others fail. *Id.*

**Fifth — The Village Is a Required Party Under Rule 19.** If the Court declines to dismiss outright, the action should be dismissed for failure to join the Village. The Village owns the camera program, set the fines, and collected the payments — complete relief is impossible without it. Fed. R. Civ. P. 19(a)(1)(A). Stop For Kids also faces a substantial risk of inconsistent obligations between this action and the Nassau County proceedings. Fed. R. Civ. P. 19(a)(1)(B). Plaintiff has demonstrated the feasibility of joinder by suing the Village in state court on identical claims; her election not to do so here, after losing on contested applications against Stop For Kids, is forum manipulation. If Plaintiff refuses to amend, dismissal under Rule 19(b) is required. Plaintiff has a fully adequate alternative remedy in Nassau County, where this litigation has been actively pursued for over sixteen months.

**Sixth — *Colorado River* Abstention Warrants a Stay or Dismissal.** In the further alternative, this Court should defer to the substantially parallel Nassau County proceeding under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The state action involves the same plaintiff, the same camera program, the same legal theories, and is sixteen months more advanced — having proceeded through class certification briefing, motion practice, court-supervised subpoena compliance, and into depositions. Stop For Kids is no stranger to the Nassau County proceedings; Plaintiff repeatedly invoked that forum to seek relief against Stop For Kids and was denied. Allowing this action to proceed in parallel — particularly where Plaintiff would seek federal discovery the state court already declined to order — would generate the precise piecemeal litigation *Colorado River* exists to prevent.

For the foregoing reasons, Defendant respectfully requests a pre-motion conference at the Court's earliest convenience, and grant Defendant leave to file its motion to dismiss.

Respectfully submitted,

**Windels Marx Lane & Mittendorf, LLP**

By: */s/ Marky A. Suazo*
     Marky A. Suazo

156 West 56th Street
New York, NY  10019
*Attorneys for Defendant Stop For Kids*

Cc:  [plaintiff's counsel via ECF]