*Jonathan Silver*
*Attorney at Law*
—

*of Counsel*
*Paul C. Herson*

*Silver Tower*
*125-10 Queens Blvd, Suite 311, Kew Gardens, NY 11415*
*(718) 520-1010*
*juanplafa@aol.com*

May 18, 2026

Hon. Orelia E. Merchant, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza, Courtroom 6C
Brooklyn, New York 11201

    Re: Luper v. Stop For Kids LLC, No. 2:26-cv-01023-OEM-LGD

Dear Judge Merchant:

    I am writing this letter to respond to the letter filed by the defendant dated May 8, 2026 seeking a pre-motion conference.

    Defendant is liable to the plaintiff for participating in the illegal and baseless installation and operation of a stop sign camera system in the Village of Saddle Rock that was enacted by the Village by a Local Law despite the lack of the requisite enabling New York State legislation granting the Village to do so.

    The City of New York, City of Yonkers and the County of Nassau have been each granted such authority by state legislation, but not the Village of Saddle Rock,

    It has become quite recently discovered that not only was there no enabling legislation authorizing the use of a camera system in the Village of Saddle Rock but even if that enabling legislation was not mandated still the Village never complied with the requirements to timely serve and file its Local Law with the New York State Department of State (NYSDOS) as is required under Municipal Law Section 27.

    Attached is a document the Village claims was filed with NYSDOS.. It indicates a date of July 9 2025 as the date it was received by NYSDOS which is more

than 3 years after the defendant started collecting hundreds of thousands of dollars in fines at $60.00 a Violation.

Clearly, for those first 3 years, the Village and defendant had no right to subject plaintiff and thousands of others to fines that have resulted in substantial income for them resulting in their unjust enrichment.

The defendant performed its work and is apparently deriving its income based on a percentage of each fine collected but under what terms and conditions still remains unknown..

The subject camera system in the Village of Saddle Rock was created and is operated by Stop For Kids. The camera system is theirs and it is under their control. The Village does not own any component of the camera system. The Village did not set it up nor did it program the camera system nor did it make decisions about when a Violation is to be issued. Sending out Violation notices is not all that Stop For kids did which is contrary to what defendant claims.

However, the complete agreement made between the Village and the defendant is not yet known (so far plaintiff has only received in the state action a document called a Service Agreement) which does not spell out the details of the involvement of the defendant and that disclosure is necessary and material before the factual claim of the defendant that it's involvement was purely ministerial can be determined by the Court.

For the purposes of 42 U.S.C.S. § 1983, the actions of a nominally private entity such as the defendant are attributable to the state when: (1) the entity acts pursuant to the coercive power of the state or is controlled by the state (the compulsion test); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies (the joint action test or close nexus test); or (3) when the entity has been delegated a public function by the state, (the public function test). Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001)

Plaintiff alleges that the defendant as well as the Village were both involved with the activity that caused the injury giving rise to the action. The claims against the Village are presently before the Nassau Supreme Court.

The claim of the plaintiff is not simply that the Village exceeded its statutory authority. The fact is that there was no enabling legislation given by the New York State Legislature in the first instance.

This Court can determine the claims made by plaintiff against the named defendant and the trier of fact can decide how much of the fines defendant collected that need to be refunded to plaintiff and others and what remedy exists for the violation of the civil rights of the plaintiff and others..

The camera system is not an example of statutory noncompliance, it is an example of the exercise of state authority to pass a law in order to collect fines under the threat of penalties that most all persons who received Notice of Violations would simply assume and accept that the camera system was a proper and appropriate exercise of the authority granted the Village under state law.

Plaintiff has stated viable causes of action that should be heard by this Court.

Very truly yours,

JONATHAN SILVER ESQ.

JS/mm
attachment