

Marky A. Suazo                                   156 West 56th Street  | w York, NY 10019
Msuazo@windelsmarx.com                           T. 212.237.1000  | F. 212.262.1215

May 20, 2026

**VIA ECF**

Hon. Lee G. Dunst
United States Magistrate Judge
United States District Court
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

>           **Re:**    *Luper v. Stop For Kids LLC*, No. 2:26-cv-01023-OEM-LGD

Dear Judge Dunst:

 Defendant Stop For Kids LLC ("SFK") and Plaintiff Faith Luper submit this joint letter pursuant to the Court's May 11, 2026 Order (ECF No. 11), advising the Court that the parties did not reach agreement on a discovery stay pending the District Court's decision on SFK's anticipated motion to dismiss. *See* ECF No. 10. SFK's position follows; Plaintiff's position follows thereafter.

**Meet and Confer.** The undersigned reached out to Plaintiff's counsel by email on May 11 and again on May 13. Plaintiff's counsel refused to consent to a stay of discovery and instead seeks pre-motion discovery. As such, the parties were unable to resolve their disagreement. *See* Fed. R. Civ. P. 37(a)(1); Local Civil Rule 26.4; Dunst Individual Rule IV.C.

**Defendant's Position: Discovery Should Be Stayed Pending the District Court's Decision on the Motion to Dismiss.**

**1.      SFK's Anticipated Motion Raises Threshold Issues That Could Dispose of the Case.**
Courts in this District consider three factors in deciding whether to stay discovery pending a motion: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding; and (3) the risk of unfair prejudice. *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010). The power to stay is incidental to the Court's inherent authority to control its docket "with economy of time and effort for itself, for counsel, and for litigants." *Id.* Each factor favors a stay.
SFK's anticipated motion raises grounds that are *threshold* in character and could resolve this action entirely. SFK's pre-motion letter (ECF No. 10) identifies, among other grounds: (i) that SFK is not a state actor under 42 U.S.C. § 1983; (ii) that the Village of Saddle Rock — the contractual counterparty that issued the violation notices and received Plaintiff's payments — is a required party under Rule 19; (iii) that the unjust enrichment claim duplicates the § 1983 theory and fails for want of any direct relationship between Plaintiff and SFK; and (iv) that the class allegations are facially deficient, having already been rejected on the same record in the parallel state action.

Courts in this Circuit grant stays where, as here, the pending motion raises threshold or potentially dispositive issues. *See, e.g.*, *Boelter v. Hearst Commc'ns, Inc.*, No. 15-CV-3934 (AT), 2016 WL 361554, at \*5 (S.D.N.Y. Jan. 28, 2016) (granting stay where Rule 12(b)(1) motion raised "substantial arguments" concerning standing and jurisdiction); *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (granting stay where the issues were "strictly one[s] of law" and the motion would be "dispositive of the entire action"). Service of SFK's pre-motion letter constituted timely service of the Rule 12 motion. *See* Merchant Individual Rule III.B.7. Resolution of these grounds may obviate the need for any discovery, consistent with Rule 1's "just, speedy, and inexpensive" mandate. Fed. R. Civ. P. 1; *see also* Dunst Individual Rule I.A.3.

**2.     No Discovery Has Been Served, and Rule 26(d) Independently Bars Discovery at This Stage.**

No party has served discovery in this action and no Rule 26(f) conference has occurred. Rule 26(d)(1) independently bars discovery until that conference takes place. Fed. R. Civ. P. 26(d)(1). A stay would not interrupt active discovery; it would maintain the status quo. The burden on Plaintiff is minimal because she is not presently entitled to take discovery in any event.

**3.     The Parallel State Action and SFK's Demonstrated Cooperation There Confirm a Stay Will Not Prejudice Plaintiff.**

Plaintiff is already litigating the same conduct on the same theories in *Luper v. Village of Saddle Rock*, Index No. 618690/2024 (Sup. Ct. Nassau Cnty.) (Ricigliano, J.S.C.), filed October 23, 2024 — more than sixteen months before this federal action. The state court has already rejected several of Plaintiff's positions on the same record:

- By Decision and Order dated July 7, 2025, the state court denied Plaintiff's class certification motion for failure to establish adequacy and superiority under CPLR § 901(a). *See* NYSCEF Doc. No. 96.
- SFK, although a non-party, fully complied with a so-ordered subpoena and supplemental directive (NYSCEF Docs. 109, 118, 119), after which the state court determined that SFK's further appearance was no longer required.
- The state court declined to sign Plaintiff's proposed Order to Show Cause seeking to compel SFK to suspend its document retention policy. *See NYSCEF Doc. No.* 126.

Plaintiff is not being deprived of a forum or of discovery mechanisms; she has both in Nassau County. SFK's preservation obligations under Fed. R. Civ. P. 37(e) continue regardless of any stay.

**4.     Federal Discovery Would Be Substantial and Asymmetric; Alternatively, the Court Should Limit Any Discovery to Phase One.**

SFK is the technology contractor that administered the camera program; the discovery Plaintiff is likely to seek — operational data, retention systems, footage, financial records, and communications with the Village — is held principally by SFK and is asymmetric in burden. That burden is unwarranted while the District Court considers grounds that may end the case. *See Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at \*3 (E.D.N.Y. Jan. 24, 2024) ("The breadth of discovery here . . . favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided."). In the alternative, SFK requests that any discovery be limited to Phase One under Dunst Individual Rule IV.B, with Phase Two deferred until after the District Court's ruling.

## PLAINTIFF REQUEST FOR PRE MOTION DISCOVERY

As the defendant claims that it was not potentially liable too plaintiff because all that it did is act in a "ministerial" capacity in connection with the camera system. That is a factual assertion that does not appear to accurately describe defendant's having created the system and its having programmed, installed and operated the system and its making determinations as to whether a Violation should be issued.

The plaintiff does not know the entirety of the arrangement between the Village and the defendant nor does plaintiff all of the functions, duties and obligations defendant had concerning its camera system.

Plaintiff has not received disclosure of the complete agreement made between the Village and the defendant as, so far, plaintiff has only received in the state action a document called a Service Agreement which is silent on many material issues that would affect the defendant's status as a viable defendant.

In addition, plaintiff would like the opportunity to depose the defendant by a witness with personal knowledge of its participation in the baseless and illegal use within the Village of its camera system.

Otherwise, the Court will have nothing other than the defendant's self-serving declarations when determining whether and to what extent defendant is potentially liable under the civil rights claims made in the complaint.

Plaintiff requests such disclosure before the Court hears the defendant's motion.

Respectfully submitted,

**Windels Marx Lane & Mittendorf, LLP**

By: */s/ Jonathan Silver*
      Jonathan Silver, Esq.

By: */s/ Marky A. Suazo*
      Marky A. Suazo

156 West 56th Street
New York, NY  10019
*Attorneys for Defendant Stop For Kids*